UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

TENA HENDRICKSON                                CIVIL ACTION

VERSUS                                          NO: 08-2744

MEEKS DISPOSAL CO., ET AL.                      SECTION: R

**ORDER AND REASONS**

Before the Court is defendant ECC Operating Services' ("ECCOS") Motion to Dismiss for Failure to State a Claim. For the following reasons, the Court GRANTS the motion in part and DENIES it in part.

**I. Background**

In the aftermath of Hurricane Katrina, the United States Army Corps of Engineers entered into a contract with defendant ECCOS[1] for debris removal in Louisiana. ECCOS then entered into

---

[1] There is some confusion regarding the identities of the defendants. Plaintiffs named Environmental Chemical Corporation ("ECC"), a California corporation, as a defendant in their original complaint. ECCOS, which was not initially named as a defendant, intervened to file the present motion to dismiss, explaining that ECC had improperly been named as a defendant. Counsel for ECCOS suggested at oral argument that ECCOS is a subsidiary of ECC. In any case, the identities of and

a subcontract with defendant Meeks Disposal Corp. to perform portions of the work.  Meeks, in turn, entered into a subcontract with plaintiffs Tena Hendrickson and Continuum Design LLC on January 6, 2006 ("Meeks-CDL Agreement").  Finally, plaintiffs entered into subcontracts with various other organizations.

Plaintiffs claim that they satisfactorily performed their obligations under the Meeks-CDL Agreement from January 2006 until May 2006.  They submitted invoices to Meeks totaling nearly $600,000 for work done during that period.  Meeks has paid plaintiffs for some of the services rendered, but plaintiffs claim that an outstanding balance of $173,760.37 remains unpaid.  At some point before the filing of this suit, plaintiffs' attorney entered into discussions with ECCOS's attorney.  According to plaintiffs, ECCOS agreed on September 6, 2007, to "require Meeks to present sufficient waivers and releases before releasing the retention amounts to Meeks, and [to] issue two-party checks where retention is releasable based upon receipt of those waivers and releases."  (R. Doc. 14 at 14.)

These discussions apparently failed to resolve the dispute.  On May 1, 2008, plaintiff filed a complaint against Meeks and ECCOS.  The complaint included claims for an amount due on an

---

relationship between the two companies are not important for the purposes of this motion.  The Court will refer to the defendant as ECCOS where possible; however, some of the documents in the record still refer to the defendant as ECC.

open account, breach of contract, unjust enrichment, and conversion. ECCOS filed the present motion to dismiss on July 7, 2008, and the Court heard oral argument on October 1.

## II. Legal Standard

In considering a motion to dismiss, a court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S. Ct. 1955, 1974 (2007); *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (recognizing a change in the standard of review). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S.Ct. at 1965 (quotation marks, citations, and footnote omitted).

## III. Discussion

Plaintiff's complaint asserts at least five different claims against ECCOS: breach of the January 6, 2006, Meeks-CDL Agreement; breach of the September 6, 2007, Two-Party Check

Agreement; failure to pay an open account; unjust enrichment; and conversion.  The Court will treat each claim in turn.

**A.    Breach of Meeks-CDL Agreement**

Plaintiffs first claim that ECCOS is in breach of its obligations under the January 6, 2006, Meeks-CDL Agreement. Plaintiffs admit, and the documents attached to their complaint confirm, that ECCOS was not a party to the Subcontract.  (*See* Pl.'s Compl., R. Doc. 1, ¶ 10; Meeks-CDL Agreement, R. Doc. 1-2.) To save their breach of contract claim against ECCOS, plaintiffs alleged upon information and belief that Meeks was vested with "apparent and/or implied authority to engage and contract with [plaintiff] on behalf of itself, ECC, and FEMA . . . ."  (Pl.'s Compl., R. Doc. 1, ¶ 10.)  Though the complaint says little else about the nature of Meeks's apparent authority, plaintiffs attempt to bolster their allegations in their memorandum in opposition, where they state that "[p]rincipals and officers of Meeks had represented to Petitioners that they had the authority from ECC/ECCOS to enter into a subcontractor agreement with Petitioners, and others like her . . . ."  (R. Doc. 14 at 10.) Plaintiffs therefore "rel[ied] on the representations and apparent authority of Meeks to act on behalf on ECC in seeing that the work was performed and Petitioners were paid for said work."  (*Id.* at 11.)

Apparent authority, as explained by the Louisiana Supreme Court, is:

> a doctrine by which an agent is empowered to bind his principal in a transaction with a third person when the principal has made a manifestation to the third person, or to the community of which the third person is a member, that the agent is authorized to engage in the particular transaction, although the principal has not actually delegated this authority to the agent.[2]

*Tedesco v. Gentry Development, Inc.*, 540 So.2d 960, 963 (La. 1989). As distinct from actual authority, in which "the principal makes the manifestation first to the agent," in an apparent authority situation "the principal makes this manifestation to a third person." *Id.* These passages make clear that it is the principal, not the supposed agent, who must make a manifestation in order for there to be apparent authority. An unauthorized "agent" may not bind an unsuspecting party to a contract simply by claiming that it has authority to act on behalf of the party. If the supposed principal has not "made a manifestation to the third person, or to the community of which the third person is a member," then there can be no apparent authority. *Id.*

---

[2] One court of appeals has suggested that the 1997 revision to the Louisiana Civil Code abolished the doctrine of apparent authority, *Holloway v. Shelter Mut. Ins. Co.*, 861 So.2d 763 (La. App. 2003), but many other Louisiana courts applied the doctrine since the revision.

Here, there is no indication in the complaint that plaintiffs had any direct contact with ECCOS or that ECCOS otherwise had an opportunity to make a manifestation to plaintiffs. Indeed, the contract between ECCOS and Meeks expressly forbids the creation of a principal-agent relationship:

> Subcontractor [Meeks] shall be an independent contractor in the performance of the work hereunder, and Subcontractor shall maintain complete control of its employees and operations. Neither Subcontractor nor anyone employed by Subcontractor shall be deemed the agent, representative, or employee of ECCOS in the performance of work hereunder.

(R. Doc. 6-3 at § 18.)[3] Even if the Court looked outside the complaint to the version of the facts in plaintiffs' brief in opposition, plaintiffs assert that it was Meeks, not ECCOS, that made the representations that supposedly gave rise to the apparent authority. (*See* R. Doc. 14 at 10-11.) Further, the basic chain of events outlined in plaintiffs' complaint indicates that plaintiffs dealt with Meeks rather than ECCOS: first, "Meeks entered into a contract with ECC"; then, "Petitioners signed a general Sub-Contractor Agrement (the "Agreement") with Meeks." (Pl.'s Compl., R. Doc. 1, ¶¶ 8-9.) Plaintiffs do not allege, nor do their pleadings support a plausible inference, that ECCOS made any sort of manifestation to them. Because plaintiffs have not

---

[3] The contract is properly considered in resolving this motion because "the complaint refers to the document[] and [it is] central to the claim." *Kane Enterprises v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 127 S. Ct. at 1974, their claim against ECCOS for breach of the Subcontractor Agreement must be dismissed.

**B.   Breach of Two-Party Check Agreement**

Plaintiffs also claim that they entered into an agreement with ECCOS on September 6, 2007, and that ECCOS later breached that agreement. In an action for breach of contract, the plaintiff must generally prove that the parties consented to be bound through offer and acceptance, LA. CIV. CODE art. 1927; that the obligor failed to perform a conventional obligation, LA. CIV. CODE art. 1994; and that the obligee incurred damages, *id.* Though ECCOS has not explained why plaintiffs' claim for breach of the Two-Party Check Agreement should be dismissed, the Court will briefly discuss the sufficiency of plaintiffs' pleadings.

With respect to consent, the complaint alleges that plaintiffs and ECCOS agreed that ECCOS would not "issue any further 'one-party' checks or payments to Meeks for work performed by plaintiffs . . . without obtaining the appropriate waivers and releases." (Pl.'s Compl., R. Doc. 1, ¶ 36(d).) With respect to failure to perform, the complaint alleges that ECCOS "has issued payment(s) directly to Meeks alone, either by wire transfer or by 'one-party' checks . . ." in violation of the Two-

Party Check Agreement. (Pl.'s Compl., R. Doc. 1, ¶ 36(d).) Finally, though plaintiff does not specifically describe the damages caused by this alleged breach, it is reasonable to infer that the breach made it more difficult for plaintiffs to collect the payments they believed they were owed.

ECCOS disputes the plaintiffs' interpretation of the agreement. In particular, it points to outside documents submitted by plaintiffs as evidence that ECCOS's performance was contingent on Meeks agreeing to "the release of funds to Meeks and plaintiffs, jointly," which it claims Meeks did not do. (R. Doc. 20 at 5.)

The Court has reviewed the documents and finds that both parties' interpretations are facially plausible.[4] ECCOS's attorney apparently agreed, on behalf of ECCOS, that ECCOS would:

> require Meeks to present sufficient waivers and releases before releasing the retention amount, and [would] issue two-party checks where retention is releasable based on receipt of those waivers and releases.

(R. Doc. 14-5.) It is not clear from this language what ECCOS promised to do. The agreement could plausibly be read to mean either: (1) that ECCOS would cease issuing payments to Meeks until the waivers were received, in which case it would begin to issue two-party checks, or (2) that ECCOS would continue to issue

---

[4] The documents are properly considered in resolving this motion because "the complaint refers to the documents and they are central to the claim." *Kane Enterprises*, 322 F.3d at 374.

one-party checks to Meeks until the waivers were received, in which case it would issue only two-party checks.  In the absence of extrinsic evidence, which the Court cannot consider on a motion to dismiss, the Court cannot say that one interpretation or the other is correct.  In addition, ECCOS's argument would require the Court to address a factual issue--whether Meeks provided ECCOS with the proper waivers and releases--that is not before the Court and cannot be resolved on a motion to dismiss.  In light of these considerations, the Court finds that plaintiffs have stated more than enough facts to raise their "right to relief above the speculative level."  *Twombly*, 127 S. Ct. at 1965.  ECCOS's motion to dismiss is therefore denied with respect to the Two-Party Check Agreement.

### C.   Other Claims

Plaintiffs' third, fourth, and fifth claims against ECCOS are for failure to pay an open account, unjust enrichment, and conversion, respectively.  ECCOS has not discussed these claims in its brief, and the Court declines to address them at this time.  The motion to dismiss is therefore denied with respect to the claims for failure to pay an open account, unjust enrichment, and conversion.

### IV. Conclusion

For the foregoing reasons, ECCOS's Motion to Dismiss is GRANTED with respect to the claims for breach of the Subcontractor Agreement.  The motion is DENIED with respect to the claims for breach of the Two-Party Check Agreement, failure to pay an open account, unjust enrichment, and conversion.

New Orleans, Louisiana, this 20th day of October, 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE